Ivon Ray STANLEY,
Petitioner-Appellant,

v.

Ralph KEMP, Warden, Georgia Diagnostic and Classification Center,
Respondent-Appellee.

No. 84–8553.

United States Court of Appeals,
Eleventh Circuit.

July 11, 1984.

George H. Kendall, III, Atlanta, Ga., for petitioner-appellant.

William B. Hill, Jr., Susan V. Boleyn, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before RONEY, ANDERSON and CLARK, Circuit Judges.

---

1. Majority Opinion, p. 918.

2. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1978).

3. See Majority Opinion, pp. 915–916.

PER CURIAM:

The application for certificate of probable cause and the application for a stay of execution is DENIED.

The *Enmund* claim, the prosecutorial argument claim, the *Sandstrom* claim and the kidnapping (*i.e. Potts v. Zant*, 734 F.2d 526, 11th Cir.1984) claim are all successive and relief can be granted only if the ends of justice require; we conclude that the ends of justice do not warrant relief as to these issues.

We reject the *Estelle v. Smith* claim as frivolous.

The discrimination issue (*McCleskey v. Zant*, No. 84–8176; *Spencer v. Zant*, 715 F.2d 1562 (11th Cir.1983), vacated for rehearing en banc 715 F.2d 1583 (1983)) was presented to the district court in Stanley's first federal habeas corpus petition, and was denied on the merits. Stanley did not raise that issue in his appeal to the Eleventh Circuit. *Stanley v. Zant*, 697 F.2d 955 (11th Cir.1983). Stanley's assertion of this issue is thus successive and he is entitled to relief only if the ends of justice require. Stanley is in the same posture as was Smith, in which we denied a stay of execution, *Smith v. Kemp*, 715 F.2d 1459, reh. denied en banc 717 F.2d 1401 (11th Cir.1983), and the Supreme Court, when presented with this issue, declined to grant a stay of execution, *Smith v. Kemp*, —— U.S. ——, 104 S.Ct. 565, 78 L.Ed.2d 732 (1983); *Cf. Stephens v. Kemp*, —— U.S. ——, 104 S.Ct. 562, 78 L.Ed.2d 370 (1983) (stay of execution granted pending en banc determination of this issue in *Spencer*).